1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

DANIEL KULBERG,

12

Plaintiff,

13

v.

14

15

WASHINGTON MUTUAL BANK, et al.,

16

17

Defendants.

18

CASE NO: 10-CV-1214 W (BLM)

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 20], AND**

**(2) GRANTING DEFENDANT'S MOTION TO STRIKE [DOC. 19]**

19      On June 7, 2010, Plaintiff Daniel Kullberg[1] filed this lawsuit against the

20  defendants.  On September 20, 2010, Defendant J.P. Morgan Chase filed a motion to

21  dismiss, a motion for a more definite statement, and a motion to strike portions of the

22  complaint.  Plaintiff opposes the motions.

23      The Court decides the matter on the papers submitted and without oral

24  argument.  See Civ. L.R. 7.1(d)(1).  For the following reasons, the Court **GRANTS**

25  Defendant's motion to dismiss (Doc. 20), and **GRANTS** Defendant's motion to strike

26  (Doc. 19).

27

28

---

[1] Plaintiff's name is misspelled in the complaint.  His last name is spelled Kullberg.

I.     BACKGROUND

On May 23, 2003, Plaintiff obtained a $1,070,000.00 mortgage loan from Defendant to refinance the mortgage of real property in Coronado, California ("Property"). (*Compl.* ¶ 13 [Doc. 1].)  He also secured a second mortgage loan that same day in the amount of $200,000.00 from the Dorothy Laing Living Trust.  (*Id.* ¶ 15.)  On or about February 14, 2006, Plaintiff secured a third loan with First Regional Bank for $250,000.00.  (*Id.* ¶ 16.)

In late 2008, Plaintiff began having difficulty making payments on his mortgage. (*See Compl., Ex. 7,* at 1–2.)  On April 6, 2009, Plaintiff was served with a "Notice of Default and Election to Sell Under Deed of Trust" reflecting a default for December 2008 and subsequent payments.  (*Id.*)

On April 22, 2010, Plaintiff filed a civil action in the San Diego County Superior Court asserting eleven causes of action against the defendants, including: (1) breach of contract; (2) declaratory relief; (3) fraud based on deceit and misrepresentation; (4) breach of the covenant of good faith and fair dealing; (5) reformation of unconscionable contract; (6) unfair and unlawful business practice; (7) quiet title; (8) rescission based on fraud; (9) accounting; (10) violation of California Civil Code § 2923.5; and (11) violation of the Truth in Lending Act ("TILA").

On June 7, 2010, Defendants removed the case to this Court.  On September 20, 2010, Defendants moved to dismiss and strike.  Plaintiff opposes both motions.


II.    MOTION TO DISMISS - RULE 12(B)(6)

A.     Legal Standard

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id.  The court must assume the truth of all

10cv1214w

factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.    Plaintiff's TILA Claims Are Time Barred.**

TILA damage claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). TILA rescission claims are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). Under TILA, the statute of limitations begins to run at the time the loan documents were signed. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th

1  Cir. 2003) ("The failure to make the required disclosures occurred . . . at the time the

2  loan documents were signed.").

3          However, the doctrine of equitable tolling may "suspend the limitations period

4  until the borrower discovers or had reasonable opportunity to discover the fraud or

5  nondisclosures that form the basis of the TILA action." <u>King v. State of Cal.</u>, 784 F.2d

6  910, 915 (9th Cir. 1986).  Equitable tolling "applies in situations . . . 'where the

7  complainant has been induced or tricked by his adversary's misconduct into allowing the

8  filing deadline to pass.'" <u>Velazquez v. GMAC Mortg. Corp.</u>, 605 F. Supp.2d 1049, 1061

9  (C.D. Cal. 2008) (quoting <u>O'Donnell v. Vencor, Inc.</u>, 465 F.3d 1063, 1068 (9th Cir.

10  2008)).

11          Here, Plaintiff indicates in the complaint that the loan was consummated in May

12  2003. (*Compl.* ¶ 13.)  However, this lawsuit was first filed in April 2010, more than

13  seven years later. (*Id.* at ¶ 74.)  Therefore, unless Plaintiff is entitled to equitable tolling,

14  his TILA claims are time barred.

15          In his opposition, Plaintiff contends that equitable tolling should apply to his

16  TILA damage claim, but fails to explain why.  (*Pl.'s Opp'n* 12:8–10 [Doc. 21].)  In fact,

17  Plaintiff implicitly concedes that his allegations in the complaint are insufficient to

18  support his equitable-tolling argument.  (*Id.* ("[I]f given leave to amend, Plaintiff will

19  allege facts showing why his damage claims are not time barred by virtue of equitable

20  tolling.").)  Therefore, there are no facts alleged to justify applying the doctrine of

21  equitable tolling.

22          Accordingly, the Court **DISMISSES** Plaintiff's TILA claims **WITHOUT**

23  **PREJUDICE**.

24

25  **C.**     <u>**Plaintiff Fails to Allege Facts That Demonstrate Breach of Contract.**</u>

26          To allege an action for breach of contract, a plaintiff must plead: (1) the existence

27  of a contract; (2) plaintiff's performance of the contract or excuse for non-performance;

28  (3) defendant's breach of the contract; and (4) resulting damages to plaintiff.  <u>First</u>

1

Commercial Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). "[W]hen a written instrument is attached to the pleading and properly incorporated therein by reference, the court may examine the exhibit and treat the pleader's allegations of its legal effect as surplusage." Burnett v. Chimney Sweep, 123 Cal. App. 4th 1057, 1064 (2004).

Here, the contract identified is the Deed of Trust. (*Compl.* ¶ 18.) Plaintiff's cause of action is based on the contention that he was not given 30-days notice prior to acceleration as required by the "Acceleration; Remedies" provision. (*Compl., Ex. 3* ¶ 22.)  Even though Plaintiff fails to allege acceleration in the complaint, the Notice of Default demonstrates that Defendant did in fact accelerate the loan, and thus, was required to give notice. (*Compl., Ex. 7*, at 2 ("[Defendant] . . . has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.").)

Under California Civil Code § 2923.5, a lender may not file the notice of default until 30 days after an initial contact is made with the borrower or 30 days after satisfying § 2923.5(g)'s due-diligence requirement. Wienke v. Indymac Bank FSB, No. CV 10-4082 NJV, 2011 WL 871749, at *5 (N.D. Cal. Mar. 14, 2011).  Plaintiff alleges that he was not given actual notice.  However, the Notice of Default states that Defendant declared that it "contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code [§] 2923.5, or the borrower has surrendered the property." (*Id.*)  Plaintiff neither disputes nor alleges facts that show that Defendant did not try to with due diligence to contact him.  Therefore, based on an examination of the Deed of Trust and the Notice of Default, incorporated here by reference, Plaintiff has not sufficiently alleged facts to demonstrate that Defendant breached the contract.

Accordingly, the Court **DISMISSES** the first cause of action for breach of contract **WITHOUT PREJUDICE**.

1    **D.    Plaintiff Fails to Allege Any Cause of Action That Supports**
2         **Declaratory Relief.**

3         Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an

4    appropriate pleading, may declare the rights and other legal relations of any interested

5    party seeking such declaration, whether or not further relief is or could be sought."

6    "Declaratory relief, however, may be unnecessary where an adequate remedy exists

7    under some other cause of action. <u>Sorrels v. J.P. Morgan Chase Nat'l Corporate Servs.,</u>

8    <u>Inc.</u>, No. 09cv2884 L(WMc), 2011 WL 662980, at *6 (S.D. Cal. Feb. 14, 2011) (Lorenz,

9    J.). "A claim for declaratory relief 'rises or falls with [the] other claims.'" <u>Id.</u>

10        Plaintiff's request for declaratory relief is redundant given that he recites the same

11   allegations set forth in the other ten causes of action, and it does not appear to be useful

12   in clarifying the rights and other legal relations between the parties. Therefore, Plaintiff

13   fails to allege any valid causes of action that supports declaratory relief.

14        Accordingly, the Court **DISMISSES** the second cause of action for declaratory

15   relief **WITHOUT PREJUDICE**.

16

17   **E.    Plaintiff's Fraud Allegation Fails to Meet the Heightened Pleading**
18        **Standard of Rule 9(b).**

19        Under California law, the elements of common-law fraud are: (1)

20   misrepresentation; (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable

21   reliance; and (5) damages. <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996). "[T]o

22   establish a cause of action for fraud[,] a plaintiff must plead and prove in full, factually

23   and specifically, all of the elements of the cause of action." <u>Conrad v. Bank of Am.</u>, 45

24   Cal. App. 4th 133, 156 (1996). Furthermore, there must be a showing that the

25   defendant "intended to induce the plaintiff to act to his or her detriment in reliance

26   upon the false representation." <u>Id.</u> at 157.

27        When a claim is "grounded in fraud and its allegations fail to satisfy the

28   heightened pleading requirements of Rule 9(b), a district court may dismiss the . . .

1   claim." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  Thus, the
2   plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R.
3   Civ. P. 9(b).  That is, allegations of fraud must be accompanied by "the who, what,
4   when, where, and how" of the misconduct charged.  <u>Vess</u>, 317 F.3d at 1106 (internal
5   quotation marks omitted).

6        Rule 9(b) also "does not allow a complaint to merely lump multiple defendants
7   together but require[s] plaintiffs to differentiate their allegations when suing more than
8   one defendant . . . and inform each defendant separately of the allegations surrounding
9   his participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir.
10  2007).  When asserting fraud against a corporation, "the plaintiff's burden . . . is even
11  greater . . . .  The plaintiff must 'allege the names of the persons who made the allegedly
12  fraudulent representations, their authority to speak, to whom they spoke, what they said
13  or wrote, and when it was said or written.'"  <u>Lazar</u>, 12 Cal. 4th at 645.

14       Here, Plaintiff alleges that Defendant failed to disclose that the loan was an
15  adjustable-rate loan and that he did not qualify for the loan.  (*Compl.* ¶¶ 33–35.)
16  However, Plaintiff's complaint falls far short of providing the allegations necessary to
17  state a cause of action for fraud.  Foremost, Plaintiff fails to identify any type of
18  communication with Defendant or any misrepresentation made by Defendant coupled
19  with actual knowledge of falsity.  Additionally, Plaintiff fails to inform each specific
20  defendant of the allegation surrounding its alleged participation in the fraud.  In this
21  case, he alleges fraud against two corporations.  However, contrary to the Rule 9(b)
22  requirements, Plaintiff fails to allege the names of the individuals who made the
23  allegedly fraudulent representations as well as when and where these representations
24  were made.  Therefore, Plaintiff's fraud allegation fails to meet the heightened pleading
25  standard of Rule 9(b).[2]

26       Accordingly, the Court **DISMISSES** the third cause of action for fraud based on
27  deceit **WITHOUT PREJUDICE**.

28

---

[2] Defendant also argued that this cause of action is time barred, but failed to elaborate.

1   **F.    Plaintiff's Allegations Fail to Invoke the Implied Covenant of Good**
2          **Faith and Fair Dealing.**

3       "To establish a breach of an implied covenant of good faith and fair dealing, a
4   plaintiff must establish the existence of a contractual obligation, along with conduct that
5   frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin.
6   Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009). Further, "a breach
7   of the implied covenant of good faith and fair dealing involves something beyond breach
8   of the contractual duty itself." Careau & Co. v. Security Pac. Bus. Credit, Inc., 222 Cal.
9   App. 3d 1371, 1394 (1990). "[The] implied covenant of good faith and fair dealing is
10  limited to assuring compliance with the express terms of the contract, and cannot be
11  extended to create obligations not contemplated by the contract." Pasadena Live, LLC
12  v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-94 (2004).

13      Plaintiff fails to allege or identify a contract or contract provision to invoke an
14  implied covenant to impose on Defendant liability for the alleged wrongs. Furthermore,
15  as discussed above, he also fails to sufficiently plead breach to invoke the implied
16  covenant of good faith and fair dealing. Plaintiff cannot simply manufacture obligations
17  for Defendant that do not exist.

18      Accordingly, the Court **DISMISSES** the fourth cause of action for breach of the
19  covenant of good faith and fair dealing **WITHOUT PREJUDICE**.

20

21  **G.    Plaintiff Fails to Sufficiently Plead the Elements for Reformation of**
22          **Unconscionable Contract.**

23       To state a claim for reformation under California law, a plaintiff must plead that
24  "by reason of fraud practiced by one of the parties, or of the mutual mistake of the
25  parties or of a mistake of one of them, which the other at the time knew or suspected,
26  there were omitted from the instrument certain material terms and conditions." Pascoe
27  v. Morrison, 219 Cal. 54, 56 (1933). "[I]n other words, that the language of the writing,
28  for some reason, failed to express the intention of the parties." Id. "Basic to a cause of

action for reformation is a showing of a definite intention or agreement on which the minds of the parties had met which pre-existed and conflicted with the instrument in question." Appalachian Ins. Co. v. McDonnell Douglas Corp., 214 Cal. App. 3d 1, 21 (1989) (citation and internal quotation marks omitted).

Here, Plaintiff fails to allege the terms of an agreement between the parties and how the contract failed to express that agreement. Moreover, to the extent Plaintiff attempts to establish unconscionability, Plaintiff fails to sufficiently allege facts that support that the terms of the contract are unconscionable. See Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc., 89 Cal. App. 4th 1042, 1053-56 (2001) (discussing that two tests for unconscionability—one balancing oppression, surprise, and unreasonableness of the terms; and the other analyzing whether the contract terms are unduly oppressive).[3]

Accordingly, the Court **DISMISSES** the fifth cause of action for reformation of unconscionable contract **WITHOUT PREJUDICE.**

### G.    Plaintiff Lacks a Sufficient Basis for an Unfair and Unlawful Business Practice Action.

Section 17200 of the California Business and Professions Code prohibits acts of unfair competition that include "any unlawful, unfair or fraudulent business act or practice." Furthermore, it "borrows violations of other laws and treats them as unlawful practices." Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (1994). As such, a defendant cannot be liable for "committing unlawful business practices without having violated another law." Ingles v. Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005).

---

[3] The Court also notes that to the extent that the reformation cause of action is based on the May 2003 loan transaction, it may be barred by the three-year statute of limitations applicable to an action for reformation. See Cal. Code Civ. Proc. § 338(d); Getty v. Getty, 187 Cal. App. 3d 1159, 1168 (1986).

Here, Plaintiff's unfair-competition cause of action is based on various factual and legal allegations asserted in the complaint.  (*See Compl.* ¶ 47.)  However, as discussed above and below, the Court has found that all of Plaintiff's other causes of action contain defects subjecting them to dismissal.  Therefore, without a violation of a federal or state law to serve as a basis for this cause of action, Plaintiff's unfair-competition action is insufficiently pled.

Accordingly, the Court **DISMISSES** the sixth cause of action for unfair and unlawful business practice **WITHOUT PREJUDICE**.

**H.**   **Plaintiff Fails to Allege Facts to Support an Action for Quiet Title.**

Under California law, a plaintiff cannot assert quiet title in his property against his mortgage lender "without discharging his mortgage debt." <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 477 (1974).  "The cloud upon his title persists until the debt is paid." <u>Id.</u> "He is entitled to remain in possession but cannot clear his title without satisfying his debt." <u>Id.</u> at 477-78.

Plaintiff fails to allege that he has paid the outstanding debt on the Property or that he can do so.   Therefore, this cause of action is also insufficiently pled. Accordingly, the Court **DISMISSES** the seventh cause of action for quiet title **WITHOUT PREJUDICE**.

**I.**   **Plaintiff Fails to Sufficiently Allege the Elements for Rescission Based on Fraud.**

Under California law, to establish rescission under a theory of fraud: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the

concealment or suppression of the fact, the plaintiff must have sustained damage. Mktg. W., Inc. v. Sanyo, 6 Cal. App. 4th 603, 612-13 (1992).

Plaintiff fails to allege that Defendant was under a duty to disclose that Plaintiff was placed "into a loan that she [sic] would not be able to continue making monthly mortgage payments for the duration of the loan period" (*Compl.* ¶ 14), and that he was unaware of the insufficiency of his income to cover the cost of the loan. Furthermore, as discussed above, Plaintiff has not pled with sufficient particularity the elements constituting fraud under Rule 9(b). See Swartz, 476 F.3d at 764.

Accordingly, the Court **DISMISSES** the eighth cause of action for recscission based on fraud **WITHOUT PREJUDICE.**[4]

### J.   Plaintiff Fails to Allege the Elements for Accounting.

"A cause of action for an accounting requires a showing that a relationship between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Leisher v. Wachovia Mortg., Inc., No. 10cv2294-WQH-POR, 2011 WL 98575, at *10 (S.D. Cal. Jan. 12, 2011) (Hayes, J.) (quoting Tesell v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009)).

Plaintiff fails to allege that "some balance is due [to] the plaintiff." See Liesher, 2011 WL 98575, at *5. Rather, he alleges that "[t]he amount of money Defendants owe to Plaintiff are unknown." (*Compl.* ¶ 64.) Plaintiff does not cite any authority permitting an action for accounting under California law when the plaintiff does not

---

[4] When a plaintiff seeks rescission based on fraud, the four-year statute of limitations "does not begin to run until discovery by the aggrieved party of the facts constituting fraud or mistake." Cal. Civ. Proc. Code § 337(3). "Plaintiff must be able to truthfully and specifically allege that he discovered the facts constituting fraud or mistake after the loan transaction." Gusenkov v. Wash. Mut. Bank, FA, No. C 09-04747 SI, 2010 WL 2612349, at *8 (N.D. Cal. June 24, 2010). However, Plaintiff fails to specifically allege when he discovered the facts constituting the alleged fraud after the loan transaction. Thus, the Court also notes that this action may also be time barred.

claim that the defendant owes him money. See id. at *11 (citing Union Bank v. Superior Court, 31 Cal. App. 4th 573, 593-94 (1995) (dismissing the accounting claims since the defendant owed no money to plaintiffs and did not deprive them of any monies)); see also Hernandez v. First Am. Loanstar Tr. Servs., No. 10cv119 BTM(WVG), 2010 WL 1445192, at *5 (S.D. Cal. Apr. 12, 2010) ("Plaintiffs, as the party owing money, not the party owed money, have no right to seek an accounting."); Mendoza v. Countrywide Home Loans, Inc., No. C-09-3648 SC, 2009 WL 4706350, at *8 (N.D. Cal. Dec. 3, 2009) (same).

Accordingly, the Court **DISMISSES** the ninth cause of action for accounting **WITHOUT PREJUDICE**.

### K.   Plaintiff's Civil Code § 2923.5 Claim Has Not Been Properly Pled.

Section 2923.5 requires that a lender "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before filing a notice of default. Cal. Civil Code § 2923.5(a)(2). The lender may not file a notice of default until 30 days after initial contact is made or 30 days after satisfying the § 2923.5(g)'s due-diligence requirements. Id. § 2923.5(a)(1). A lender satisfies the due-diligence requirements if it was not able to contact the borrower after: (1) sending a letter with certain information; (2) then calling the borrower "by telephone at least three times at different hours and on different days"; (3) if the borrower does not respond within two weeks after the telephone calls, sending a certified letter with return receipt requested; (4) providing a toll-free telephone number that will provide access to a live representative during business hours; and (5) posting a prominent link on the lender's homepage with certain information. Id. § 2923.5(g); Wienke, 2011 WL 871749, at *5.

Here, the complaint does not sufficiently state a cause of action for violation of § 2923.5 because it is either silent or wrong on a several material points. For example, Plaintiff alleges in the complaint that Defendant failed to make contact. However, he

fails to make any factual allegations as to whether Defendant complied with § 2923.5(g)'s due-diligence requirements. Also, Plaintiff alleges that Defendant failed to make a proper declaration in accordance with § 2923.5. But this is unequivocally false. The Notice of Default—submitted by Plaintiff as an exhibit to his complaint—included the necessary language practically verbatim from the statute to satisfy § 2923.5(b). (*See Compl., Ex. 7*, at 2.)

Accordingly, the Court **DISMISSES** the tenth cause of action for violation of California Civil Code § 2923.5 **WITHOUT PREJUDICE**.

## III.   MOTION TO STRIKE - RULE 12(F)

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006).

Here, Defendant moves to strike Plaintiff's prayer for damages based on the cause of action for unfair and unlawful business practice, punitive damages, and attorney's fees. All of the causes of action on which Plaintiff prayed for the aforementioned relief have been dismissed. Furthermore, Plaintiff did not oppose the motion which "may constitute a consent to the granting of that motion." See Civ. L.R. 7.1(f.3.c).

Accordingly, the Court **STRIKES** Plaintiff's prayer for damages based on the cause of action for unfair and unlawful business practice, punitive damages, and attorney's fees.

//

//

//

**IV.    CONCLUSION & ORDER**

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss (Doc. 20), and **GRANTS** Defendants' motion to strike (Doc. 19).  Plaintiff has not, however, been afforded an opportunity to amend his complaint in federal court.  As such, Plaintiff is hear by granted **LEAVE TO AMEND**.

If Plaintiff decides to file an amended complaint, he must do so on or before **May 6, 2011**.


        **IT IS SO ORDERED.**


DATED:  April 14, 2011

                                          _____
                                          Hon. Thomas J. Whelan
                                          United States District Judge